| | |
|---|---|
| United States District Court<br>Eastern District of New York | 1:18-cv-05577 |
| Dakota Campbell-Clark individually and on behalf of all others similarly situated<br><br>        Plaintiff<br><br>   - against -<br><br>Blue Diamond Growers<br><br>        Defendant | Complaint |

   Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

   1. Blue Diamond Growers ("defendant") manufactures, distributes, markets, labels and sells "Almond Nut-Thins" (crackers) under the "Blue Diamond Almonds" brand.

   2. The Products are sold to consumers by third parties from brick-and-mortar stores and available online and sold directly by defendant.

   3. The Products are sold in multiple varieties, including Hint of Sea Salt, Pepper Jack Cheese, Cheddar Cheese, Country Ranch and Smokehouse.

   4. The Products' common principal display panel representations include (i) their name, "Almond Nut-Thins," (ii) a more specific identification as "Nut & Rice Cracker Snacks," and (iii) vignettes of almonds.

   5. The back of the packages state "As The Almond People®, we're pretty partial to almonds in anything, but we think you'll agree these crispy crackers go well with almost anything. Now you can enjoy the delicious taste of Blue Diamond Almond Nut-Thins" and "Made with Real Almonds."

 

6. The most predominant ingredients for the Products is rice flour as indicated in the ingredient list (Sea Salt variety)

INGREDIENTS: RICE FLOUR, ALMONDS, POTATO STARCH, SALT, EXPELLER PRESSED SAFFLOWER OIL AND NATURAL FLAVORS (CONTAINS MILK).
CONTAINS MILK, ALMONDS.

7. The Products are misleading because despite the labels naming them "Almond Nut-Thins" and more specifically identifying them as "Nut & Rice Cracker Snacks," they are actually rice-flour based crackers, which happen to include equivalent amounts of "almonds" as they do "potatoes."

2

8. Plaintiff believed the Almond Products were made with almonds as predominant ingredient in the same way consumers would observe wheat crackers and reasonably expect they were composed mainly of wheat.

9. Plaintiff desired to purchase a product that was made primarily of almond ingredients and believed that the predominant ingredients was almonds or derived from almonds.

10. Moreover, even the more specific identification of the Products as "nut & rice cracker snacks" is misleading because there is *more* rice than nut ingredients, and the amount of potatoes present closely approximates the amount of almond-based ingredients.

11. Excluding tax, the Products cost no less than $2.99 per box (4.25 oz), a premium price compared to crackers that do not purport to contain almonds as their predominant ingredient.

## Jurisdiction and Venue

12. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

13. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

14. This Court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

15. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and in New York.

16. A substantial part of events and omissions giving rise to the claims occurred in this District.

## Class Allegations

17. The classes consist of all consumers in the following states: all, New York who purchased any Products with actionable representations during the statutes of limitation.

18. A class action is superior to other methods for fair and efficient adjudication of this controversy.

19. The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

20. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

21. Plaintiff(s) claims and the basis for relief are typical to other members because all were subjected to the same representations.

22. Plaintiff(s) is/are an adequate representative because his/her/their interests do not conflict with other members.

23. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

24. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

25. Plaintiff(s) counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

26. Plaintiff(s) seeks class-wide injunctive relief because the practices continue.

## Parties

27. Plaintiff is a citizen of Kings County, New York.

28. Defendant is a California nonprofit corporation with its principal place of business in Sacramento, California.

29. In 2017 and/or 2018, plaintiff purchased one or more of the Products for personal consumption, for no less than $2.99 per box, excluding tax, within this district and/or State.

30. Plaintiff paid this premium because prior to purchase, plaintiff saw and relied on the misleading representations.

## New York General Business Law ("GBL") §§ 349 & 350

31. Plaintiffs incorporates by references all preceding paragraphs.

32. Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

33. Plaintiff desired to purchase products which were as described by defendant – predominantly almond-based ingredients.

34. Defendant's representations are false, unfair, deceptive and misleading for the reasons described herein.

35. The representations and omissions were relied on by plaintiff and class members, who paid more than they would have otherwise, causing damages.

## Negligent Misrepresentation

36. Plaintiff incorporates by references all preceding paragraphs.

37. Defendant misrepresented the composition of the Products.

38. Defendant had a duty to disclose and/or provide a non-deceptive description of the Products and knew or should have known same were false or misleading.

39. This duty is based, in part, on defendant's position as the largest almond grower cooperative in the world.

40. Defendant negligently misrepresented and/or negligently omitted material facts.

41. Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

42. Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, thereby suffering damages.

### Breach of Express Warranty and Implied Warranty of Merchantability

43. Plaintiff incorporates by references all preceding paragraphs.

44. Defendant manufactures and sells products which contain almonds.

45. Defendant warranted to plaintiff and class members that the Products were composed predominantly of almond-based ingredients, when this was not truthful and was misleading.

46. The Products did not conform to their affirmations of fact and promises, wholly due to defendant's actions.

47. Plaintiff and class members relied on defendant's claims, paying more than they would have otherwise.

### Fraud

48. Plaintiff incorporates by references all preceding paragraphs.

49. Defendant's purpose was to mislead consumers who seek common foods (i.e., crackers) composed of non-common (i.e., almonds) ingredients.

50. Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have otherwise, entitling them to damages.

### Unjust Enrichment

51. Plaintiff incorporates by references all preceding paragraphs.

52. Defendant obtained benefits and monies because the Products were not as represented, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of such inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE,** plaintiffs pray for judgment:

1. Declaring this a proper class action, certifying plaintiff(s) as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant(s) to correct such practices to comply with the law;

3. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and GBL claims;

4. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

5. Such other and further relief as the Court deems just and proper.

Dated:   October 5, 2018

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan (SS-8533)
891 Northern Blvd., Suite 201
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com

Levin-Epstein & Associates, P.C.
Joshua Levin-Epstein
1 Penn Plaza, Suite 2527
New York, NY 10119
(212) 792-0046
joshua@levinepstein.com

Paskowitz Law Firm, P.C.
Larry Paskowitz
208 East 51st Street, Suite 380
New York, NY 10022
(212) 685-0969
lpaskowitz@pasklaw.com

1:18-cv-05577
United States District Court
Eastern District of New York

Dakota Campbell-Clark individually and on behalf of all others similarly situated

Plaintiffs

- against -

Blue Diamond Growers

Defendant(s)

# Complaint

Sheehan & Associates, P.C.
891 Northern Blvd., #201
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  October 5, 2018

      /s/ Spencer Sheehan
        Spencer Sheehan