

**DLA Piper LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
www.dlapiper.com

Stefanie J. Fogel
stefanie.fogel@dlapiper.com
T   617.06.6053
F   215.606.3364

March 21, 2019

**VIA ECF**
The Honorable William F. Kuntz, II
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   *Campbell-Clark v. Blue Diamond Growers*, **1:18-cv-05577 (E.D.N.Y.)**

Dear Judge Kuntz:

Defendant Blue Diamond Growers ("BDG") requests a pre-motion conference to seek leave to file a motion to dismiss.  BDG is a California almond grower cooperative, which manufactures and sells crackers marketed as "Almond Nut-Thins" (the "Crackers"), among other products. (Compl. ¶ 1.)  The plaintiff alleges that she purchased the Crackers purportedly believing that they were made mostly of almonds, even though she admits they are described as "Nut & Rice *Cracker* Snacks" on the front of the box.  (Compl. ¶¶ 4, 9 (emphasis added).)

The plaintiff purports to state five claims: violations of Sections 349 and 350 of the New York General Business Law ("GBL"), negligent misrepresentation, breach of warranty and implied warranty of merchantability, fraud, and unjust enrichment.  All five claims rest on the same defective premise:  that the plaintiff purportedly was misled into believing that the Crackers – which were clearly labelled as such – were made predominantly of almonds instead of rice flour. (*See* Compl. ¶¶ 7-10, 33, 45, 49.)  As a result, the complaint should be dismissed.

***The New York consumer protection claims fail because the statements were not misleading.***  To demonstrate that conduct is materially misleading under GBL Sections 349 and 350, a plaintiff must demonstrate that the "allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  A court considers the entire context of the alleged misrepresentation when it assesses whether "as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 674 (E.D.N.Y. 2017) (Kuntz, J.) (quoting *Fink*, 714 F.3d at 741).

In *Mantikas v. Kellogg Company*, the Second Circuit analyzed whether a statement on the front of a Cheez-Its box that the crackers were "made with whole grain" was misleading because the consumer would expect the crackers to be primarily made of whole grain since white flour was



not also mentioned on the front of the box. 910 F.3d 633, 638 (2d Cir. 2018). The Court held that no reasonable consumer can view packaging identifying a product as a cracker and conclude that it is made *primarily* of anything *other than* grain. "[R]easonable consumers are likely to understand that crackers are typically made *predominantly of grain*. They look to the bold assertions on the packaging to discern what *type* of grain." *Id.* (emphasis in original and added).

In reaching its holding, the Court broadly endorsed a line of cases dismissing claims because the alleged misstatement involved the quantity of an ingredient that was "obviously" not the primary ingredient, including *Red v. Kraft Foods, Inc.*, where plaintiffs claimed the label "made with real vegetables" led them to believe that the crackers contained a larger amount of vegetables than they in fact did. 2012 WL 5504011, at *2 (C.D. Cal. Oct. 25, 2012); *see also Mantikas*, 910 F.3d at 638. In *Red*, the court held, as a matter of law, that a reasonable consumer could not "disregard well-known facts of life" and therefore, could not be misled because he or she would "be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables." 2012 WL 5504011, at *3 (internal citation omitted).

Moreover, in *Solak v. Hain Celestial Group, Inc.*, the court dismissed a complaint where the plaintiff alleged that the statement "Vegetable and Potato Snack," among others, was misleading because it created the impression that vegetables were "present in an amount greater than is actually the case." 2018 WL 1870474, at *2 (N.D.N.Y. Apr. 17, 2018). The court disagreed, holding that the statement "fairly and accurately describe[d] the most prevalent ingredients used to manufacture" the Garden Veggie Straws. *Id.* at *4. The court further explained that "Defendant ma[de] no claim as to the amount or proportion" of vegetables, instead only "present[ing] the consumer with a factually true statement – that the Straws are somehow derived from vegetable-based products." *Id.* at *3.

These holdings mandate dismissal here where the purported misstatement involved "the quantity of an ingredient that *obviously was not* the products' primary ingredient." *Mantikas*, 910 F.3d at 638 (emphasis added). BDG stated on the front of the box that the Crackers were rice crackers – describing them as "'Almond Nut-*Thins*' and more specifically as 'Nut & Rice *Cracker Snacks*.'" (Compl. ¶ 7 (emphasis added).) BDG made no representation as to the amount of almonds in the Crackers, simply that almonds were used, which they were. (*See, e.g.*, Compl. ¶ 10.) Therefore, the GBL claims must be dismissed.

**The negligent misrepresentation claim fails.** Even if the plaintiff could demonstrate a misrepresentation (which she cannot), her negligent misrepresentation claim still fails. First, she has not pled that "the defendant owed plaintiff a duty of care due to a special relationship." *Nelson*, 246 F. Supp. 3d at 677 (internal citation omitted) (dismissing complaint). The plaintiff purports that BDG owed a duty to her because it is "the largest almond grower cooperative in the world" (Compl. ¶ 39), but "if this alone were sufficient, a special relationship would necessarily always



The Honorable William F. Kuntz, II
March 21, 2019
Page Three

exist for purposes of misbranded food claims, which is not the case." *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *25 (E.D.N.Y. Sept. 22, 2015) (internal citation omitted) (dismissing claim). Second, this claim is barred by the economic loss doctrine. *See, e.g.*, *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015) (dismissing claim). Third, the plaintiff has not pleaded fraud with the required specificity per Rule 9(b).

***The plaintiff cannot state a claim for breach of express or implied warranties.*** The plaintiff alleges that BDG warranted that the Crackers were composed predominantly of almond-based ingredients. (Compl. ¶ 45.) The express warranty claim fails for three reasons. First, BDG did not make "an affirmation of fact or promise" that the Crackers were composed predominantly of almond-based ingredients. *Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 184 (E.D.N.Y. 2018) (internal citation omitted) (dismissing express warranty claim); *accord Nelson*, 246 F. Supp. 3d at 678-79 (same). Second, New York law requires a plaintiff to provide pre-suit notice of an express warranty claim, which did not occur here. *See, e.g.*, *Singleton v. Fifth Generation, Inc.*, 2016 WL 406295, at *11–12 (N.D.N.Y. Jan. 12, 2016) (dismissing claim). Finally, the plaintiff does not allege the required privity. *See, e.g.*, *Ebin v. Kangadis Food Inc.*, 2013 WL 6504547, at *6 (S.D.N.Y. Dec. 11, 2013).

The plaintiff's implied warranty claim similarly fails. "[T]he product need only be fit for human consumption to be of merchantable quality." *Silva v. Smucker Natural Foods, Inc.*, 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015). Moreover, New York law "requires … privity … when there is no claim for personal injuries." *Quiroz v. Sabatino Truffles New York LLC*, 2017 WL 8223648, at *12 (C.D. Cal. Sept. 18, 2017) (internal citation omitted). Neither has been alleged here.

***The plaintiff fails to state a claim for fraud.*** The plaintiff's common law fraud claim can be dismissed for four separate reasons. First, there has been no misrepresentation. *See supra*. Second, the plaintiff cannot demonstrate justifiable reliance because a person of ordinary intelligence should know that crackers are not made predominantly of nuts. *See, e.g.*, *Daniel v. Tootsie Roll Indus., LLC*, 2018 WL 3650015, at *15 (S.D.N.Y. Aug. 1, 2018). Third, she has not alleged facts that "give rise to a *strong* inference of fraudulent intent." *Davis v. Yeroushalmi*, 985 F. Supp. 2d 349, 359 (E.D.N.Y. 2013) (emphasis in original) (internal citations omitted). Finally, the plaintiff has not pleaded fraud with the required specificity per Rule 9(b).

***The unjust enrichment claim is duplicative and must be dismissed.*** "[C]laims for unjust enrichment will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of other causes of action." *Nelson*, 246 F. Supp. 3d at 679. Yet, the plaintiff's claim is based entirely on the same allegations purportedly supporting her other claims and must be dismissed. *See id.*; *Silva*, 2015 WL 5360022, at *12.



The Honorable William F. Kuntz, II<br>
March 21, 2019<br>
Page Four

      We appreciate Your Honor's attention to these matters, and remain available should this Court require any additional information regarding this request.

      Best regards,

      */s/ Stefanie J. Fogel*

      Stefanie J. Fogel