

DLA Piper **LLP (US)**
33 Arch Street, 26th Floor
Boston, MA 02110-1447
www.dlapiper.com

Stefanie J. Fogel
stefanie.fogel@dlapiper.com
**T**  617.406.6053
**F**  215.606.3364

April 26, 2019

**VIA ECF**
The Honorable William F. Kuntz, II
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Campbell-Clark v. Blue Diamond Growers*, **1:18-cv-05577 (E.D.N.Y.)**

Dear Judge Kuntz:

Defendant Blue Diamond Growers ("BDG") requests a pre-motion conference for leave to file a motion to dismiss the plaintiff's amended complaint ("AC"), which suffers from the same – if not more – deficiencies as the original complaint. As you are aware, BDG manufactures "Almond Nut-Thins" (the "Crackers"). (AC ¶ 1.) The plaintiff again alleges that she believed the Crackers were made mostly of almonds, while still conceding the products are "more specifically" described as "Nut & *Rice Cracker* Snacks." (*Id.* ¶¶ 4, 39, 43 (emphasis added).)

The AC advances, in essence, the same five claims: negligent misrepresentation, breach of warranty and implied warranty of merchantability, fraud, unjust enrichment, and violations of the consumer protection statutes of all 50 states, including Sections 349 and 350 of the New York General Business Law ("GBL"). And, the claims still rest on the same defective premise: the plaintiff allegedly was misled into believing that the Crackers were made predominantly of almonds instead of rice flour. (*See id.* ¶¶ 35-36, 39-41, 43-44.) Given its continued deficiencies, the AC should be dismissed in its entirety with prejudice without the opportunity to replead.

***Plaintiff lacks standing to enforce non-New York consumer protection laws.*** The AC purports to include 50 plaintiffs: one New York resident (the plaintiff) and 49 fictitious, unnamed persons residing in the other 49 states in an effort to bring claims under the consumer protection statutes of "all fifty (50) states." (*Id.* ¶¶ 56-57, 72). The plaintiff does not have standing to enforce laws of states other than New York because she can only assert a state claim if she "resides in, does business in, or has some other connection to that state." *In re HSBC BANK, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 49 (E.D.N.Y. 2014), *on reconsideration*, 14 F. Supp. 3d 99 (E.D.N.Y. 2014). The plaintiff resides in New York and claims only to have made a purchase in New York.[1] (AC ¶ 59.) She may not manufacture standing to bring a nationwide class

---

[1] The plaintiff also does not have standing to pursue injunctive relief because the mere allegation that a plaintiff "would resume purchasing the Products" if the "labels were 'truthful and non-



The Honorable William F. Kuntz, II<br>
April 26, 2019<br>
Page Two

by naming fictitious plaintiffs.  *Stoltz v. Fage Dairy Processing Indus., S.A.*, 2015 WL 5579872, at *12 (E.D.N.Y. Sept. 22, 2015) (dismissing *sua sponte* claims for lack of standing because "the Court ha[d] no basis to conclude that either John Doe or Jane Doe are actual people").

***The GBL claims still fail because the statements were not misleading.***  To state a claim, a plaintiff must assert that the "allegedly deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances."  *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  As you will recall, in *Mantikas v. Kellogg Company*, the Second Circuit held that no reasonable consumer could view packaging identifying a product as a cracker, and then conclude that it is made *primarily* of anything *other than* grain.  910 F.3d 633, 638 (2d Cir. 2018) (endorsing *Red v. Kraft Foods, Inc*., 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012), where the court held that a reasonable consumer would "be familiar with the fact of life that a cracker is not composed of primarily fresh vegetables").[2]

The AC attempts to avoid this binding precedent in two ways.  *First*, the plaintiff tries to bolster her complaint with a discussion of BDG's marketing of almond flour.  (*See, e.g.*, *id*. ¶¶ 9-38.)  The plaintiff, however, does not allege that the Crackers contain any almond flour (because they do not) or even that she *believed* they did.  (*Id.* ¶¶ 39-40, 47.)  In fact, the plaintiff alleges no connection whatsoever between almond flour and the Crackers other than that BDG markets each product.  She alleges neither that BDG in any way communicated to consumers a link between them nor that she was even aware that BDG markets almond flour.  BDG's promotion of an *entirely different product*—almond flour—has no bearing here.

*Second*, the plaintiff continues to allege that she believed almonds were the predominant ingredient, primarily because the Crackers were labeled "Nut & Rice Cracker Snacks" instead of the plaintiff's suggested descriptions of "Rice Crackers with Almonds" or "Almond Flavored Rice Crackers."  (*Id.* ¶ 43, 45.)  Courts, however, routinely hold that product packaging that highlights an ingredient is not deceptive as a matter of law if the depicted or listed ingredient is in the product. *See, e.g.*, *Solak v. Hain Celestial Group, Inc.*, 2018 WL 1870474, at *3 (N.D.N.Y. Apr. 17, 2018); *Workman v. Plum, Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (dismissing claim that "the size of the items pictured directly correlated with their predominance in the blend").  In *Solak*, the court dismissed a factually similar complaint where the plaintiff alleged that the statement "Vegetable and Potato Snack," was misleading because it created the impression that the product contained more vegetable than potato. 2018 WL 1870474, at *2.  The court disagreed:  the defendant made "no claim as to the *amount or proportion*" of vegetables, and the label "simply present[ed] the consumer with a factually true statement—that the Straws are somehow derived

---

deceptive,'' is insufficient.  *Compare id.* ¶ 61 *with Atik v. Welch Foods, Inc.*, 2016 WL 5678474, at *6 (E.D.N.Y. Sept. 30, 2016) (dismissing claim for injunctive relief).

[2] The plaintiff admits that the Crackers' ingredient list accurately states that rice flour is the predominant ingredient.  (AC ¶ 36.)



The Honorable William F. Kuntz, II<br>April 26, 2019<br>Page Three

from vegetable-based products." *Id.* at *3 (emphasis added).

The same is true here. The Crackers contained almonds, and they contained rice. The packaging is factually correct. As with any cracker, and consistent with binding precedent in this Circuit, the Crackers were made with rice. BDG does not make a representation as to the *amount* of almonds in the Crackers; instead, the label contains the factually true statement that the Crackers contain both nuts and rice. Therefore, the GBL claims must be dismissed.

***The GBL claims also fail for lack of injury.*** Even if the Crackers' packaging was misleading (which it is not), a plaintiff must allege an "injury as [a] result of the deceptive act." *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 142-43 (E.D.N.Y. 2018). The plaintiff did not meet that requirement here because she does not state when she purchased the Crackers, where she purchased them, what type of Crackers she purchased, or the price she paid for them. AC ¶ 59; *see also Colella*, 348 F. Supp. 3d at 142-43 (dismissing claims).

***The negligent misrepresentation claim still fails.*** The plaintiff's negligent misrepresentation claim remains doomed by the same defects. For example, the plaintiff now claims that BDG owed a duty to her because it holds "itself out as having special knowledge in the production, service and/or sale of the product type" (AC ¶ 80), but "if this alone were sufficient, a special relationship would necessarily always exist for purposes of misbranded food claims, which is not the case." *Stoltz*, 2015 WL 5579872, at *25 (internal citation omitted) (dismissing claim).

***The plaintiff, once again, cannot state a claim for breach of warranties.*** The plaintiff's attempted amendments do not cure the problems with her express and implied warranty claims. For instance, the plaintiff now alleges that the Crackers "were not merchantable in their final sale form." (AC ¶ 91.) However, she has not alleged that they were not "fit for human consumption," which is required for a breach of implied warranty claim. *Silva v. Smucker Natural Foods, Inc.*, 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015) (dismissing claim).

***The plaintiff still fails to state a claim for fraud.*** The plaintiff's common law fraud claim also continues to suffer from the same failures. For example, the plaintiff now asserts that BDG's "intent was to secure economic advantage in the marketplace against competitors," (AC ¶ 95), but this allegation is still not sufficient to "give rise to a *strong* inference of fraudulent intent," *Davis v. Yeroushalmi*, 985 F. Supp. 2d 349, 359 (E.D.N.Y. 2013) (emphasis in original) (internal citations omitted), let alone anything beyond pure speculation.[3]

We appreciate Your Honor's attention to these matters, and remain available should this Court require any additional information regarding this request.

---

[3] The unjust enrichment claim is duplicative. *Nelson v. MillerCoors, LLP*, 246 F. Supp. 3d 66, 679 (E.D.N.Y. 2017) (dismissing claim).



The Honorable William F. Kuntz, II<br>April 26, 2019<br>Page Four

Best regards,

*/s/ Stefanie J. Fogel*

Stefanie J. Fogel

EAST\166234971.4